**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDY BROPLEH JALLAH,<br>Petitioner,<br><br>vs.<br><br>J.L. JAMISON, WARDEN, PHILADELPHIA FEDERAL DETENTION CENTER, *et al.*,<br>Respondent. | : | CIVIL ACTION<br><br>No. 26-cv-7793-JMY |

**ORDER**

**AND NOW**, this 6th day of November, 2026, upon consideration of Petitioner's amended petition for a writ of habeas corpus and responses thereto (ECF Nos. 1, 6, 10), it is hereby **ORDERED** that, for the reasons explained in the Court's November 6, 2026 memorandum opinion in *Luna v. Warden*, 26-cv-7492-JMY, ECF No. 25,[1] the petition is **GRANTED** as follows:

1. Respondents shall immediately release Petitioner from custody and file confirmation of such release on the Court's electronic docket;
2. Respondents shall return Petitioner's personal property, including identification and documents; and

[1] As the Court explained there, detention of a noncitizen under 8 U.S.C. § 1226(a), as the Government seeks to do here, requires both a warrant that predates the noncitizen's arrest and an individualized determination that the noncitizen is a flight risk or a danger to the community. As in that case, ICE here arrested Petitioner *before* securing a warrant for his arrest (ECF No. 6 at 6) and failed to make the required individualized determination that his detention was necessary. Because Petitioner's detention was unlawful, his arrest and detention violated due process and exhaustion of his administrative remedies is excused.

3. Respondents shall not place additional restraints such as electronic monitoring on Petitioner, and shall not re-detain Petitioner under the immigration laws of the United States pending a final determination in his removal proceedings.

BY THE COURT:

/s/ *John Milton Younge*

**Judge John Milton Younge**